**FILED**
**Sep 16, 2020**
**02:10 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **GLENDY TOLBERT,** | ) | **Docket No. 2019-06-2057** |
| Employee | ) | |
| v. | ) | |
| **WESTERN EXPRESS, INC.,** | ) | **State File No. 89600-2018** |
| Employer, | ) | |
| And, | ) | |
| **PMA INSURANCE COMPANY,** | ) | **Judge Joshua Davis Baker** |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on August 6, 2020, to consider Mr. Tolbert's request for additional medical and temporary disability benefits for injuries he suffered in a tractor-trailer collision. The Court denies his request as he failed prove he would likely succeed at a hearing on the merits in proving the cause of his injury and the need for further medical treatment.

### Claim History

On November 7, 2018, Mr. Tolbert allegedly suffered various injuries, including injuries to both shoulders, in an accident in Joplin, Missouri while working as an over-the-road truckdriver for Western Express. He reported his accident and continued his route. Five days later, Mr. Tolbert contacted Western Express and said he was in a great deal of pain. He asked to see his family doctor in Texas, where he lived.

Judy Larson, Western Express's workers' compensation manager, told Mr. Tolbert he would need to see an approved physician. He informed her that he was in Denver, Colorado but would soon be returning home to Missouri City, Texas. Ms. Larson said she would look for a provider near there.

Later that day, Ms. Larson told Mr. Tolbert that he could go to a Concentra office in San Antonio after he made his delivery there. Mr. Tolbert agreed and went to the

1

appointment on November 16. Around this time, Ms. Larson provided a panel of medical providers.

At Concentra, a nurse practitioner diagnosed Mr. Tolbert with a shoulder strain and cervicalgia. He released Mr. Tolbert to return to work but recommended physical therapy. Mr. Tolbert attended several therapy sessions and began seeing Dr. Peter Nguyen at Ms. Larson's direction. The medical records show no referral to Dr. Nguyen from any medical provider.

At the first visit, Dr. Nguyen ordered x-rays and placed restrictions that prohibited Mr. Tolbert from bending, stooping, climbing ladders, and lifting more than five pounds. He set the restrictions to expire on December 19, when Mr. Tolbert was to return and discuss his x-ray results.

When Mr. Tolbert returned to Dr. Nguyen on that day, a strange series of events took place. According to the medical records, Mr. Tolbert spoke and acted in a manner that concerned the office staff. The records stated that Mr. Tolbert swore at staff members, acted in an aggressive manner, and threatened to sue them for unspecified reasons.

After the visit, Dr. Nguyen wrote a lengthy note stating that he could not examine Mr. Tolbert because of his aggressive behavior. He further wrote that he told Mr. Tolbert about the x-ray results—which were negative—before having him removed from the office, and that Mr. Tolbert showed "no evidence of having any pain issues." Dr. Nguyen discharged Mr. Tolbert "due to inappropriate behavior" and suggested he "seek another provider if he feels the need." He also released him to return to work without restrictions.

Mr. Tolbert denied that the altercation occurred. He also argued that he was entitled to a panel of orthopedic physicians. In support of this request, he pointed out that the physical therapist recommended orthopedic treatment. Additionally, he asked for temporary disability benefits for the time he missed work.

Western Express asked the Court to deny Mr. Tolbert's requests. It argued that Mr. Tolbert's condition arose from a preexisting condition due to a prior work accident. It presented medical records showing he suffered essentially the same injuries in a previous trucking accident. Thus, Western Express contended Mr. Tolbert did not meet his burden of proof regarding causation. For his part, Mr. Tolbert denied his prior accident impacted his current injury and claimed that even if it did, Western Express should still be responsible for treatment.

Turning to the panel issue, Western Express admitted that the panel Ms. Larson gave Mr. Tolbert consisted of Nashville providers. However, it argued the panel was still valid because the providers were all members of national chains, and Mr. Tolbert could have

2

picked from any location in the country. Western Express also said he offered no proof he needs further treatment because Dr. Nguyen released him to return to work.

Western Express denied it owed Mr. Tolbert any temporary disability benefits because he refused to accept a light-duty assignment. In Ms. Larson's affidavit and text messages, she said she offered Mr. Tolbert a light-duty job and warned he would not be paid if he declined. She said he refused the job. In response, Mr. Tolbert said the light-duty offer was unreasonable, since Ms. Larson offered a position grooming cats, and he is allergic. He also said he needed to ask his doctor if he could perform the work while under restrictions.

### Findings of Fact and Conclusions of Law

To prevail at this expedited hearing, Mr. Tolbert must present sufficient evidence that he would likely succeed at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). In this particular case, he must present sufficient evidence: 1) that he requires further treatment "made reasonably necessary" by his work accident; 2) if so, that Western Express must provide him a panel of physicians; and 3) that he is owed temporary disability benefits.

First, the Worker's Compensation Law requires an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2019). The Court finds Mr. Tolbert is unlikely to prevail in proving further treatment is necessary. Dr. Nguyen diagnosed his condition, determined he needed no additional treatment, and returned him to full-duty work. While he disputed the circumstances of his release and claims he needs further treatment, Mr. Tolbert presented no medical evidence to contradict Dr. Nguyen's opinion. Simply put, the Court cannot substitute its, or Mr. Tolbert's, opinion or judgment for that of a trained physician. *See Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015).

Second, the Court finds Mr. Tolbert is unlikely to prove at trial that he is entitled to a panel of physicians. Generally, when an employee reports a workplace accident, an employer must "designate a group of three (3) or more . . . reputable physicians, surgeons, chiropractors or specialty practice groups if available in the employee's community . . . from which the injured employee shall select one to be the treating physician." *Id*. at § 50-6-204(a)(3)(A)(i). The employer must designate the physicians on form C-42 and give the form, commonly referred to as a panel, to the employee no later than three days after receiving notice of the accident. Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (May, 2018). If the employer fails to do so, it may be assessed a civil penalty. *Id*. at 0800-02-01-.06(2).

A panel is not a practical remedy here, since Dr. Nguyen released Mr. Tolbert to return to work and recommended no additional treatment. The Court finds the physical therapist's recommendation insufficient to support Mr. Tolbert's request for further care. Moreover, the medical records from his prior accident call into question whether his current condition arose from this work accident. The Court, therefore, denies Mr. Tolbert's request for additional treatment.

However, the Court finds that Western Express failed in its legal obligation to provide Mr. Tolbert a proper panel. Western gave Mr. Tolbert a panel consisting entirely of physicians in Tennessee rather than his community of residence. The Court is not persuaded by Western's argument that the panel was valid because it listed providers who are part of national chains. The Court refers Western Express to the Compliance Program of the Bureau of Workers' Compensation for investigation based on Express's failure to provide a panel of physicians.

Third and finally, Mr. Tolbert is not entitled to temporary disability benefits. To qualify, an employee must have been prevented from working due to a work-related injury. While Western Express accepted this claim and provided benefits, at this time the medical proof is insufficient regarding the cause of his need for treatment. The medical records from Mr. Tolbert's previous workplace accident document permanent injuries similar to those alleged in this claim. As Mr. Tolbert bears the burden of proving he would likely prevail at a final hearing on the issue of temporary disability benefits, the Court holds the medical records show a clear question of medical cause.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Tolbert's request for benefits at this time.

2. The Court refers Western Express to the Compliance Program of the Bureau of Workers' Compensation for investigation based on its failure to provide a panel of physicians as required by Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) and Tennessee Compilation Rules and Regulations 0800-02-01-.06 (1).

3. The Court sets this claim for a **status conference** on **November 2, 2020**, at **10:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED September 16, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits

1) Affidavit of Mr. Tolbert
2) Employee's Employment Application
3) Pre-employment Medical Examination Report
4) First Report of Injury
5) Wage Statement
6) Employee's Written Discovery Responses
7) Qualcomm Correspondence
8) Affidavit of Judy Larson and Standard Choice of Physicians Form
9) Concentra Pre-visit Authorization
10) Concentra records dated November 16, 2008
11) Email communication concerning light-duty
12) Medical Report of Dr. Peter Nguyen dated 12/5/18
13) Medical Report of Dr. Peter Nguyen dated 12/19/18
14) X-ray reports of Dr. Steven Tibbitts regarding Employee's low back and shoulder
15) Physical Therapy Reports
16) Notice of Withdrawal of Representation of Employee's previous counsel in Texas
17) Photographs filed by Mr. Tolbert
18) Excel Sport Therapy records, 15 pages
19) Medical Records dated 11/15/18, collective exhibit

Technical Record

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Expedited Hearing
4) Court Order to Show Cause
5) Motion to Compel Discovery
6) Motion to Appear by Telephone
7) Response to Motion for Discovery
8) Order Granting Motion to Compel

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 16, 2020.

| Name | Certified Mail | Via Fax | Via Email | Address |
|---|---|---|---|---|
| Glendy Tolbert, Self-represented employee | | | X | glendytolbertjr@yahoo.com |
| Drew Saulters, Employer's Attorney | | | X | dsaulters@ortalekelley.com, jarmstrong@ortalekelley.com |
| Compliance Program | | | X | WCCompliance.program@tn.gov |

_____
PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*